IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Joseph Thomas,<br><br>    PLAINTIFF<br><br>    v.<br><br>Carolyn W. Colvin, Acting Commissioner of the Social Security Administration,<br><br>    DEFENDANT | C/A No. 5:12-cv-02478-TLW<br><br><br>**Order** |

On December 18, 2013, Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, on the basis that the position taken by the Commissioner was not substantially justified. (Doc. #35.) The motion seeks reimbursement for counsel's representation in this case in the amount of $5,806.08 for fees (31.5 hours at $184.32 per hour). Plaintiff also filed an assignment of any fee award to his attorney. On January 3, 2014, the Commissioner filed a response consenting to Plaintiff's motion and stating that it would accept the assignment and pay the fees directly to Plaintiff's attorney if it is shown that, at the time of this Order, Plaintiff owed no debt to the government that would be subject to offset. (Doc. #36.)

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). "The award is mandatory *unless* the government can demonstrate that its position was substantially justified." *EEOC v. Clay Printing Co.*, 13 F.3d 813, 814 (4th Cir. 1994) (emphasis in original). The question is whether there was arguably substantial evidence to

1

support the Commissioner's position, not whether there was some evidence to support the position. *Anderson v. Heckler*, 756 F.2d 1011, 1013 (4th Cir. 1984). This standard is met if there is a "genuine dispute." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

An award of fees or costs under the EAJA is payable to the party rather than to the attorney. *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010). However, nothing in *Ratliff* divests the Commissioner of its discretion to directly pay the party's attorney where there is no debt owed to the government or funds remain after satisfaction of such debt, and the party has assigned the award to counsel. *See, e.g.*, *Walker v. Astrue*, No. 2:09-cv-960-TFM, 2011 WL 1297744, at *2 (M.D. Ala. Apr. 5, 2011) ("While *Ratliff* generally confirms that attorney's fee awards under the EAJA are payable to the 'prevailing party'—the litigant—and are thus subject to offset any debt owed by such litigant to the United States, the opinion does not explicitly reject the practice of awarding fees to attorneys where the litigant has assigned the right to receive such fees directly.").

After careful consideration of the briefs and materials filed by the parties, the Court concludes that the Government's position was not substantially justified. Accordingly, Plaintiff's motion for attorney's fees is **GRANTED** in the amount of $5,806.08. The Commissioner may pay the award directly to Plaintiff's attorney if it is shown that, at the time of this Order, Plaintiff owed no debt to the government that would be subject to offset.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

January 24, 2014
Columbia, South Carolina

2