IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Joseph Thomas,<br><br>    PLAINTIFF,<br><br>  v.<br><br>Carolyn W. Colvin, Acting Commissioner of the Social Security Administration,<br><br>    DEFENDANT. | C/A No. 5:12-cv-02478-TLW<br><br>**Order** |

On August 27, 2012, Plaintiff filed this action seeking review of the Commissioner's decision denying his disability claim. ECF No. 1. On September 20, 2013, the Commissioner filed a motion to remand this case to the Commissioner for further administrative action. ECF No. 31. On September 20, 2013, United States Magistrate Judge to whom the case was assigned granted that motion and remanded the case to the Commissioner. ECF No. 32. On December 18, 2013, Plaintiff's counsel moved for attorney's fees pursuant to the Equal Access to Justice Act (EAJA) in the amount of $5,806.08 (31.5 hours at $184.32 per hour). ECF No. 35. The Court granted this award with the consent of the Commissioner by order dated January 24, 2014. ECF No. 37. In 2016, after significant proceedings at the administrative level, the Commissioner awarded Plaintiff and his family total past-due benefits of $221,057.00. ECF No. 38-1 at ¶ 7.

This matter is now before the Court on Plaintiff's counsel's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b)(1) and Local Civil Rule 83.VII.07, filed on November 18, 2016. ECF No. 38. Plaintiff's counsel seeks to recover $55,264.25 in attorneys' fees based on his contingency fee agreement with Plaintiff that allows him to be paid 25% of the total retroactive benefits awarded (the net award sought in this motion is $43,458.17, which consists of the

1

$55,264.25 total award, less $5,806.08 in EAJA fees and less $6,000.00 previously paid by the Social Security Administration for work performed at the administrative level). ECF No. 38 at 1. The motion and related filings include relevant case law, the calculation for the requested fees, a detailed statement of the time counsel spent on this case in federal court, and the fee agreement between Plaintiff and his counsel. ECF Nos. 38; 38-1 through 38-6.

The Commissioner filed a brief opposing the motion. ECF No. 41. Although the Commissioner agrees that Plaintiff's counsel is entitled to fees, she asserts that "some downward reduction" is warranted. ECF No. 40 at 6. The Commissioner citied several cases where the fees awarded resulted in a lower "effective hourly rate" than would exist in this case based on the requested award and hours worked. *Id.* at 3-6. However, the Commissioner did not identify any specific objections or reasons why the award sought is excessive.

The Social Security Act provides that the Court may determine and allow a reasonable fee for representation not to exceed 25% of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). The Fourth Circuit, applying guidance set forth by the Supreme Court, has instructed courts to "approach § 406(b) fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness." *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)) (internal quotations and alterations omitted). Noting that *Gisbrecht* held that the lodestar approach was "inappropriate for evaluating a contingent-fee agreement under § 406(b)," the Fourth Circuit "embraced the primacy of lawful attorney-client fee agreements, concluding that § 406(b) was designed to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." *Id.* "As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, . . . § 406(b) simply instructs a court to review the agreement for

reasonableness." *Id.*

A reduction of the contingent fee may be warranted "based on the character of the representation and the results . . . achieved," if counsel caused delay in the case resulting in the accumulation of past-due benefits, or "[i]f the benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808. Courts have considered a myriad of factors in determining whether a fee constitutes an unearned windfall, such as the overall complexity of the case, the experience of the attorney, the risk of loss involved in the representation, the percentage of the past-due benefits the fee constitutes, the value of the case to a claimant, and whether the client consents to the requested fee. *See, e.g., Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010); *Mudd*, 418 F.3d at 428. However, "an excessively high hourly rate alone does not render an otherwise reasonable fee unreasonable." 622 F.3d at 382.[1]

The Court has carefully considered the caselaw cited by the parties and the record in this case and finds that the agreement and requested award are reasonable. A review of Plaintiff's counsel's motion and supporting documents reveals the following: the fee award requested by counsel and agreed to by Plaintiff is not greater than 25% of the past-due benefits as allowed by § 406(b); counsel worked on this case for 6.5+ years with a substantial risk of not being paid pursuant to a contingency fee arrangement; although counsel worked only 33.5 hours on the federal case, he worked 54.75 hours at the agency level (which is a factor the Court may consider pursuant to

---

[1] Applying these principles, a court in this district recently approved a 25% fee award of $33,130.73 where counsel expended 16.3 hours at the federal court level, which resulted in an effective hourly rate of $2,032.56. *Powell v. Colvin*, No. CV 4:12-02085-MGL, 2017 WL 104133, at *1 (D.S.C. Jan. 11, 2017). Noting counsel's extensive experience in Social Security cases, the risk associated in contingent matters, and the significant time invested at the administrative level, the court concluded this hourly rate was not excessive.

*Mudd*); there is no indication that counsel caused any delay in the case; counsel obtained a favorable decision for his client; and counsel is an experienced practitioner who has practiced in Social Security cases for over 35 years. *See generally* ECF No. 38-1. A less experienced attorney would have spent substantially more time in obtaining the results obtained here for the client. These factors weigh in favor of finding the requested fee award to be reasonable, especially in light of the lack of specific objections presented by the Commissioner. As stated, the fact that the substantial past benefits awarded in this case result in a significant effective hourly rate in light of the hours expended is not, standing alone, sufficient to conclude the award sought is excessive.

Therefore, having carefully reviewed the relevant case law, the parties' filings, and the fee agreement, the Court finds that the request for fees pursuant to § 406(b) is reasonable. Plaintiff's counsel's Motion for Attorney's Fees pursuant to the Social Security Act, 42 U.S.C. § 406(b), ECF No. 38, is GRANTED in the amount of $55,264.25. Because counsel was previously awarded $5,806.08 in attorney's fees in this action pursuant to the EAJA and was awarded $6,000.00 by the Social Security Administration for work performed at the administrative level, those amounts must be offset from this award, resulting in a net fee award to Plaintiff's counsel in the amount of $43,458.17.

IT IS SO ORDERED.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

May 26, 2017
Columbia, South Carolina